UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE HELENA ASSOCIATES, LLC,

        Plaintiff,

- against -

EFCO CORPORATION,

        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/09
```

**OPINION AND ORDER**

06 Civ. 0861 (PKL)

**APPEARANCES**

GREENBERG, TRAGER & HERBST, LLP
767 Third Avenue, 12th Floor
New York, NY 10017
Kalvin Kamien, Esq.

ROSENBERG & ESTIS P.C.
733 Third Avenue
New York, NY 10017
Jason R. Davidson, Esq.

Attorneys for Plaintiff

RIVELIS, PAWA & BLUM, LLP
286 Madison Avenue, 14th Floor
New York, NY 10017
Howard Blum, Esq.

LAW OFFICES OF PALMER OLIVER, P.C.
205 Park Central East, Suite 511
Springfield, MO 65806
Craig Richard Oliver, Esq.

Attorneys for Defendant

**LEISURE, <u>District Judge</u>:**

Plaintiff The Helena Associates, LLC ("Helena") moves this Court for leave to amend the parties' Joint Pre-Trial Order, which was so ordered by this Court on December 16, 2008 (the "pre-trial order"). (<u>See</u> Docket No. 50.) In particular, Helena seeks leave to increase its damages claim for loss of rent, which is listed at page 7, item (H) of the pre-trial order, from $766,573 to $5,441,022.56. Defendant EFCO Corporation ("EFCO") opposes the motion on the grounds that it would experience prejudice if required to defend against Helena's newly calculated damages claim at trial. For the reasons stated below, Helena's motion is GRANTED.

## BACKGROUND

The facts underlying this case have been laid out in great detail in this Court's prior decision. <u>See</u> Helena Assocs., LLC v. EFCO Corp., No. 06 Civ. 0861, 2008 U.S. Dist. LEXIS 39977 (S.D.N.Y. May 14, 2008) (Leisure, J.). Accordingly, the Court reprises only those facts central to this motion.[1] This case arises out of an $11 million contract, whereby EFCO agreed to provide Helena with all labor, services, and materials necessary to enclose The Helena, a high-rise residential building in New York City, with an aluminum window wall on or before October 24, 2004. There is no dispute that EFCO did not complete the enclosure of the building with the window wall by October 24, 2004. The parties dispute, however, whether EFCO is to blame for the delays in completing construction.

Following the close of discovery, EFCO moved for partial summary judgment. In that motion, EFCO argued that there was insufficient evidence to support Helena's delay

---

[1] Unless otherwise indicated, the Court draws its recitation of the facts from the Summary of Claims and Defenses and from the Stipulations and Agreed Statements of Facts in the parties' pre-trial order.

damages claim. See id. at *9-21. EFCO also sought dismissal of Helena's claim for damages to Rose Associates, Inc. and to Kreisler Borg Florman, as EFCO did not have a contract with those entities, nor did Helena commit to pay those claims. See id. at *21. By Opinion and Order dated May 24, 2008, this Court granted EFCO's motion with respect to the latter contention, but denied that there was insufficient proof for the delay damages to proceed. Id. at *30-31. The question of whether EFCO is in fact responsible for the delay damages will be resolved by this Court upon completion of the trial.

Of particular relevance to the instant motion is Helena's contention that the delayed enclosure of the building prevented the interior trade contractors from performing the work needed to open the building to residents (*i.e.*, installing the piping for heating and ventilation, hanging the drywall, and finishing the interior carpentry). Due to these delays, Helena contends that it was unable to procure the Temporary Certificates of Occupancy, which are required to allow residents to move into their apartments, for seven months. Accordingly, in the pre-trial order, Helena's claim for "Loss of Rents" damages (as they are termed there) covers the rents Helena allegedly would have received on those apartments for which leases had been signed, but occupancy was delayed by EFCO's allegedly tardy completion of the window wall. (Pl.'s Mem. 1.) By Helena's estimation, these damages totaled $726,673.

Helena now seeks to increase this claim for Loss of Rents damages to $5,441,022.56. The new figure includes not only the rents Helena would have earned from the lease agreements it had already entered into, but also the rents from lease agreements it could have entered into but for EFCO's delayed completion of the window wall. (Id.) In its motion to amend the pre-trial order, Helena contends that it should be

2

afforded the opportunity to prove these further projected damages at trial. EFCO opposes the motion, arguing that the proposed amendment is a new claim that Helena unreasonably seeks to introduce at this late stage of the litigation, and that this additional claim would cause EFCO prejudice and unfair surprise at trial.

## DISCUSSION

### A. *Applicable Law*

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure the parties' pre-trial order can be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). However, Second Circuit case law indicates that a district court has significant discretion in determining how to apply this directive. See, e.g., HBE Leasing Corp. v. Frank, 22 F.3d 41, 45 (2d Cir. 1994) ("A trial court is given broad discretion in managing a trial, and this discretion includes a certain amount of latitude to deviate from the terms of the pretrial order." (internal citations omitted)); Clark v. Pennsylvania R.R. Co., 328 F.2d 591, 594 (2d Cir. 1964) ("[I]t is a fundamental principle of pre-trial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable."); Santrayll v. Burrell, No. 91 Civ. 3166, 1998 U.S. Dist. LEXIS 586, at *7-8 (S.D.N.Y. Jan. 22, 1998) (Leisure, J.) ("'Motions to reopen or to modify a pre-trial order are addressed to the sound discretion of the trial judge.'" (quoting Bradford Trust Co. v. Merrill Lynch Pierce, Fenner, and Smith, Inc., 805 F.2d 49, 52 (2d Cir. 1986))). The Second Circuit "review[s] a trial court's decision to amend or modify a pretrial order for abuse of discretion." Potthast v. Metro-North R.R. Co., 400

3

F.3d 143, 153 (2d Cir. 2005) (citing RAPCO, Inc. v. Comm'r, 85 F.3d 950, 953 (2d Cir. 1996); Dunlap-McCuller v. Riese Org., 980 F.2d 153, 158 (2d Cir. 1992)).

In determining whether a proposed amendment or modification to a pre-trial order is appropriate, a district court must balance "the need for doing justice on the merits between the parties (in spite of the errors and oversights of their attorneys) against the need for maintaining orderly and efficient procedural arrangements." Laguna v. Am. Exp. Isbrandtsen Lines, Inc., 439 F.2d 97, 101 (2d Cir. 1971) (internal citations omitted). "Rule 16 was not intended to function as an inflexible straitjacket on the conduct of litigation or to produce an abstract, perfect equivalence between the pre-trial papers and the course of litigation; instead, it was intended to insure the efficient resolution of cases and, most importantly, minimize prejudicial surprise." Lamborn v. Dittmer, 873 F.2d 522, 527 (2d Cir. 1989)); Cruz v. United States Lines Co., 386 F.2d 803, 804 (2d Cir. 1967) ("A pre-trial order is not a straitjacket.").

Several factors are relevant to the Court's determination of whether the pre-trial order should be amended, including:

> (1) the prejudice or surprise in fact to the opposing party; (2) the ability of the party to cure the prejudice; (3) the extent of disruption of the orderly and efficient trial of the case; and (4) the bad faith or willfulness of the non-compliant party. Prejudice to the party seeking amendment or modification of the order is also relevant, as a trial court should not refuse to modify a pre-trial order where manifest injustice will result.

Potthast, 400 F.3d at 153 (citing RAPCO, 85 F. 3d at 953). Accordingly, a trial court will typically amend the pre-trial order when "no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." SEC v. U.S. Envtl., Inc., No. 94 Civ. 6608, 2002 U.S. Dist. LEXIS 19839, at *4 (S.D.N.Y. Oct. 17, 2002) (Leisure, J.)

4

(citing Fed. R. Civ. P. 16 advisory committee's note); see also Potthast, 400 F.3d at 154 (explaining that a court may permit amendment to the pre-trial " when the danger of surprise or prejudice to the opposing party is small and a failure to amend might result in an injustice to the moving party," but a court might refuse to amend the pre-trial order if the evidence or issue was within the knowledge of the party seeking modification when the parties submitted their pre-trial order (citing 6A Wright & Miller, Federal Practice and Procedure § 1527 (2d ed. 1990))).

In evaluating whether prejudice to the opposing side will flow from allowing amendment, the Court must consider "whether the amendment is sought in the midst of trial or on the eve of trial." Finnish Fur Sales Co. Ltd. v. Furs Unlimited, Inc., No. 89 Civ. 6284, 1992 U.S. Dist. LEXIS 2390, at *3 (S.D.N.Y. Mar. 4, 1992) (internal citations omitted). However, because the primary purpose of Rule 16 is to minimize prejudicial surprise during trial, see Lamborn, 873 F.2d at 527, even an amendment sought at the last minute due to the movant's lack of diligence may be allowed if it does not significantly prejudice the opposing party. See, e.g., Finnish Fur., 1992 U.S. Dist. LEXIS 2390, at *4 (allowing amendment to party's factual allegations in the pre-trial order at "the eleventh hour" where party's lack of diligence is balanced against the absence of any significant prejudice to the opposing party).

## B. *Application to the Instant Case*

Helena seeks leave to amend the pre-trial order to increase its Loss of Rents damages claim from $727,763 to $5,441,022.56. This Court concludes that Helena's proposed amendment is permissible because there is little likelihood that EFCO would be prejudiced by the proposed amendment, there is a risk that disallowing this amendment

5

would result in injustice to Helena, and the inconvenience to the parties and to this Court is minimal as no trial date has been set.

Since filing this action, Helena has consistently pursued its claim for damages for lost rent. Thus, EFCO has long been aware of this claim. Nevertheless, in its opposition papers, EFCO argues that Helena's proposed amendment constitutes the introduction of a new theory of liability (see Def.'s Opp'n 6-8), which in this District has been cited as an improper ground for amending the pretrial order. See, e.g., Prince Group, Inc. v. MTS Prods., No. 95 Civ. 1160, 1998 U.S. Dist. LEXIS 7835, at *9-10 (S.D.N.Y. May 27, 1998) (refusing to amend pre-trial order to add a new theory of liability as a party should be able to rely upon the legal theories detailed in the pre-trial order "to define all of the foreseeable legal issues raised in a particular case").[2] Helena initially sought to recover only those rents allegedly lost on apartments for which leases had been signed but occupancy was forestalled due to EFCO's delay. Its request to extend recovery to include rents lost on apartments for which leases had not yet been signed but well might have, but for EFCO's delay, is more properly considered an extension of Helena's original damages theory rather than a new theory of liability. At all times Helena claimed that EFCO's delays caused them to lose potential rent money.[3] As such, "[t]his is not a

---

[2] In Prince Group, in denying plaintiff's motion to amend the pre-trial order to include a new theory of liability, the Court noted that granting the motion would require defendants to engage in extensive discovery, and that much of that discovery would have to take place in Taiwan, delaying trial indefinitely. 1998 U.S. Dist. LEXIS 7835, at *10-11. Similarly, in Finnish Fur the Court denied defendant's motion to amend the pre-trial order by adding an estoppel defense, noting that granting the motion would require plaintiffs "to develop both factual evidence and expert testimony regarding the elements of such a defense under Scandinavian law." 1992 U.S. Dist. LEXIS 2390, at *7. By contrast, in the instant case, there is no indication that any additional discovery would be particularly burdensome or time-consuming. In fact, while this Court is not now determining the appropriateness of the proposed document requests submitted with EFCO's opposition papers, the Court notes that EFCO only proposes seven requests that would provide it with the necessary information to defend against Helena's increased Loss of Rents claim. (See Def.'s Opp'n Ex. 5.)

[3] Even if this Court considered Helena's newly calculated damages claim a new theory a liability, this would not be dispositive of Helena's motion to amend. See Laguna, 439 F.2d at 102 (reversing district

6

case where the plaintiff[] pulled the rug from under the defendant[] by completely shifting [its] theory of liability at trial." HBE Leasing Corp., 22 F.3d at 45. "To the contrary, plaintiff[] in this case never dropped [its] principal argument" that it should recover for the rents it would have earned but for EFCO's delayed completion of the window wall. Id.; see also Madison Consultants v. FDIC, 710 F.2d 57, 62 n.3 (2d Cir. 1983) (noting that defendants would not be seriously prejudiced if plaintiff were permitted to amend the pre-trial order since plaintiffs' complaint put defendants on notice of "plaintiffs' essential claims" and the pre-trial order would be amended "neither in the midst of trial, nor on the eve of trial" (internal citations omitted)).

Because EFCO has long been aware of Helena's basic Loss of Rents claim, it has had ample time to build a defense that should be highly relevant, if not fully applicable to, Helena's enhanced Loss of Rents claim. This Court does not find that any significant prejudice would accrue to EFCO as a result of allowing Helena's amendment because Helena's proposed amendment only changes the amount of potential damages, not the nature of those damages. Cf. Violette v. Armonk Assocs., L.P., 849 F. Supp. 923, 930 (S.D.N.Y. 1994) (explaining that plaintiff's motion to increase the *ad damnum* clause in the complaint would not prejudice defendants as "[d]efendants have always been aware that [plaintiff] suffered serious injuries, which might result in significant damages"); Greenspon v. Supermarkets Gen. Corp. 744 F. Supp. 77, 78 (S.D.N.Y. 1990) (holding that proposed amendment to *ad damnum* clause, raising plaintiff's compensatory damages claim from one to four million dollars, was not prejudicial to defendant who was always aware that plaintiff might have serious consequences from the accident at

---

court's denial of plaintiff's motion to amend the pre-trial order and granting a new trial where plaintiff sought to add two new theories of liability to his case that relied upon the same facts he had presented in the complaint).

7

issue); Poulson v. Beez Bugeez, Inc., No. 84 Civ. 7035, 1986 U.S. Dist. LEXIS 19544, at *3-4 (S.D.N.Y. Oct. 2, 1986) (noting that "[a]mendments increasing the amount of damages do not ordinarily impose any prejudice on an opposing party" and thus allowing plaintiff to amend the complaint to seek additional, but foreseeable, damages); Varveris v. United States Lines Co., 141 F. Supp. 874, 875 (S.D.N.Y. 1956) (explaining that when an amendment merely raises the "outer limits of recovery," prejudice does not accrue to the opposing party as "[p]rejudice… does not flow from proper exposure to the damages proved").

Not only is there little chance that EFCO would suffer prejudice by Helena's proposed amendment to the pre-trial order, but Helena would be unnecessarily disadvantaged if it was deprived of the opportunity to prove the full extent of its damages for a claim that it has prosecuted since the time this case was filed. Moreover, while EFCO persuasively argues that Helena's proposed amendment is unlikely an "accounting error" (see Def.'s Opp'n 8), EFCO fails to demonstrate, nor is there any reason for this Court to suspect, that bad faith or dilatory tactics played any part in Helena's motivation for bringing the instant motion.[4] Finally, since a trial date has not yet been set, EFCO is not being ambushed with Helena's increased claim, and this Court is providing EFCO with adequate time to gather any information necessary to elaborate its defenses in light

---

[4] EFCO suggests that Helena's motion should be denied as Helena has not shown good cause for amending the pre-trial order at this juncture of the litigation. (See Def.'s Opp'n 5-8.) The variably considered factor of whether the movant has shown good cause for amendment is generally subordinate to considerations of whether prejudice would be experienced either by the movant if the motion were barred or by the opposing party if it were allowed. See Finnish Fur, 1992 U.S. Dist. LEXIS 2390, at *4 (allowing amendment to pre-trial order despite proponent's lack of diligence where there was no significant prejudice to the opposing party in allowing the amendment); see also Lamborn, 873 F.2d at 527 (explaining that the central purpose of Rule 16 is to minimize prejudicial surprise). Here, this Court concludes that the risk of prejudice to EFCO is low if Helena's amendment is allowed, and the prejudice to Helena is high if its motion is denied, thereby making the amendment to the pre-trial order appropriate under the applicable legal standards. See Potthast, 400 F.3d at 153; Laguna, 439 F.2d at 101.

8

of Helena's increased Loss of Rents claim. In fact, Helena notes that it would not object to affording EFCO whatever discovery time it reasonably requests to flesh out its case. (See Pl.'s Mem. 7 ("Plaintiff offered a reasonable delay in setting a trial date for EFCO to have time to conduct narrowly-tailored discovery as to the amended damages claim.").)[5] While the Court believes that the proposed amendment to the pre-trial order is appropriate, the Court cautions Helena that it must now proceed fairly and expeditiously towards trial. Accordingly, this Court grants Helena's request to amend the pre-trial order to clarify that it now seeks $5,441,022.56 in damages for Loss of Rents, and the parties are given leave to add any documents or witnesses necessary to prove and defend such damages.

---

[5] In its opposition papers, EFCO argues that Helena failed to comply with its discovery obligations when it withheld documents related to the Loss of Rents claim. (See Def.'s Opp'n 3-5, 8.) Whether Helena violated its discovery obligations, however, is beyond the scope of the instant motion. The Court recognizes that if Helena now seeks to introduce information that it did not produce, such evidence might be precluded from use at trial. See Fed. R. Civ. P. 37(c) (1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). However, without knowing the particular documents that Helena seeks to introduce at trial, and whether those documents should have been previously produced, any request for sanctions is premature.

9

## CONCLUSION

For the foregoing reasons, Helena's motion to amend the pre-trial order pursuant to Rule 16(e) is GRANTED. Within fifteen (15) days from the date of this decision, Helena must provide EFCO with (1) any additional documents that Helena proposes to use as trial exhibits in connection with the increased Loss of Rents claim, and (2) a summary of the testimony of any witnesses that will testify on the increased Loss of Rents damages. Thereafter, EFCO shall be afforded an additional thirty (30) days to request any information or discovery it believes is necessary to defend the increased damages claim. All other terms of the original pre-trial order will remain in effect. The parties are ordered to appear before this Court for a pre-trial conference in courtroom 18B at 11:00 a.m. on October 1, 2009.

**SO ORDERED.**

New York, New York
July 29 2009

_____
U.S.D.J.